UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAIN,

    Plaintiff,

v

CITY OF DETROIT, *et al*.

    Defendants.

_____/

Civil Action No.: 20-11099
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTIONS TO DISMISS [ECF NOS. 9. 10]**

**I.    INTRODUCTION**

Plaintiff Derrick Cain sues the City of Detroit, Detroit Police Officer Dennis Christie, Wayne County Assistant Prosecutor Jane Gillis, and 36th District Court Magistrate Dawn White, alleging they violated his constitutional rights. ECF No. 1. The Honorable Terrence G. Berg referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 18.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b), asserting that Cain filed his complaint after the statute of limitations lapsed. ECF No. 9; ECF No. 10. But Cain filed his complaint before the

expiration of the applicable statute of limitations, so the Court **RECOMMENDS** that the defendants' motions to dismiss be **DENIED**.

## II. FACTUAL BACKGROUND

Cain alleges that on April 25, 2017, Detroit police officers searched his home and arrested him under a search warrant. ECF No. 1, ¶ 7. He alleges that he was never advised of his Miranda rights, provided a prompt judicial determination of probable cause, allowed to post bond, or allowed to receive bail or use a telephone. *Id.*, ¶ 8. After Cain was arraigned for failure to be fingerprinted and released on personal bond, a 36th District Court judge dismissed the criminal charges against him. *Id.*, ¶¶ 9, 11. Cain filed this complaint by sending it to the Clerk of the Court on April 23, 2020. ECF No. 1, PageID.6. Judge Berg granted Cain's application to proceed without prepaying fees or costs and ordered Cain to complete service documents for service of process by the U.S. Marshal on July 16, 2020. ECF No. 5; ECF No. 6.

## III. ANALYSIS

A motion to dismiss under 12(b)(6) tests a complaint's legal sufficiency. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id*.

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).  If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true," the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Defendants assert that Cain's complaint is time barred.  ECF No. 9; ECF No. 10.  "Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations…." *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (quotation omitted).  For § 1983 actions

3

arising in Michigan, federal courts borrow the state's three-year limitations period for personal injury actions. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citations omitted); *see also* Mich. Comp. Laws § 600.5805(2). The limitations period for claims alleging unlawful search and seizure runs from "'the time of injury,' when the plaintiff becomes aware of" the alleged violation. *Wolfe*, 412 F.3d at 714 (quotation omitted).

Cain's allegations and a review of the docket establish that the limitations period did not expire before the complaint was filed. See ECF 1. Cain alleges that the police searched his house and arrested him on April 25, 2017. *Id.* Cain sent the complaint to the Clerk's Office by Federal Express on April 23, 2020, two days before the three-year anniversary of the earliest possible accrual date. During the pandemic closure, the Court adopted the Mail Box Rule for pro se filings. *See* Eastern District of Michigan Administrative Order No. 20-AO-026 (April 2, 2020). "All pro se filers are to mail filings and documents to Clerk's Office…[and] the date of the…postmark stamped on the envelope in which such filing was mailed shall be deemed the filing date. *Id.* Thus, Cain filed his complaint on April 23, 2020, within the limitations period.

Defendants assert that Cain filed his complaint on July 16, 2020. ECF No. 9; ECF No. 10. But that is the date on which Judge Berg signed

4

orders, not when the complaint was filed. ECF No. 1; ECF No. 5; ECF No. 6. Defendants do not explain why they describe July 16 as the date of the filing of the complaint. ECF No. 9; ECF No. 10. Their motions lack merit.

## III. CONCLUSION

Defendants' motions, ECF No. 9 and ECF No. 10, should be **DENIED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 10, 2021

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
