UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAIN,

    Plaintiff,

v

CITY OF DETROIT, *et al*.

    Defendants.

_____/

Civil Action No.: 20-11099
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS [ECF NO. 17]**

**I.    INTRODUCTION**

Plaintiff Derrick Cain sues the City of Detroit, Detroit Police Officer Dennis Christie, Wayne County Assistant Prosecutor Jane Gillis, and 36th District Court Magistrate Dawn White, alleging they violated his constitutional rights. ECF No. 1. The Honorable Terrence G. Berg referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 18.

White moves to dismiss under Federal Rule of Civil Procedure 12(b) because Cain's claims against her are barred by absolute judicial immunity. ECF No. 17. Because Magistrate White's actions were executed as part of the judicial process and within her jurisdiction, the Court **RECOMMENDS**

that Magistrate White's motion to dismiss be **GRANTED** and Cain's claims against her be **DISMISSED**.

## II.     FACTUAL BACKGROUND

Cain alleges that Detroit police officers searched his home and arrested him under a search warrant in April 2017.  ECF No. 1, ¶ 7.  He alleges that he was never advised of his Miranda rights, provided a prompt judicial determination of probable cause, allowed to post bond, or allowed to receive bail or use a telephone.  *Id.*, ¶ 8.  After Cain was arraigned for failure to be fingerprinted and released on personal bond, a 36th District Court judge dismissed the criminal charges against him.  *Id.*, ¶¶ 9, 11.

Cain alleges that Magistrate White who signed the misdemeanor complaint for fingerprint refusal, violated his rights by (1) swearing a police officer as the complainant instead of the listed complaining witness, Alesha Cain (Cain's sister), and (2) swearing a complaint with a patently erroneous date of offense.  ECF No. 1, ¶ 10; ECF No. 17-2.  Magistrate White argues that swearing a complaint with a police officer as the complainant—even if the complaint contains an error—falls within the judicial functions protected by absolute immunity.  The Court agrees.

## III.    ANALYSIS

### A.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards applicable to a motion to dismiss pursuant to Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same[.]").

A motion to dismiss under 12(b)(6) tests a complaint's legal sufficiency. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id*.

Although the plausibility of a complaint is usually assessed on the

face of the complaint, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).  A court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  And "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).  *See also Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (plan documents considered without converting motion to dismiss to one for summary judgment when the complaint referred to the "plan").

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).  If "a cause of action fails as a matter of law,

4

regardless of whether the plaintiff's factual allegations are true," the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

**B.**

Generally, a judge has absolute immunity from a § 1983 suit for damages or injunctive relief. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011). Absolute judicial immunity may be overcome in only two instances. *DePiero v. City of Macedonia,* 180 F.3d 770, 784 (6th Cir. 1999). First, a judge is not immune from liability for actions not taken in a judicial capacity. *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id*.

Magistrate White's alleged actions were executed in her judicial capacity. Courts have extended judicial immunity to state court magistrates exercising their statutory duties. *See Krajicek v. Justin*, 1999 WL 195734 (6th Cir. March 23, 1999). Michigan law dictates that complaints be sworn before a magistrate, and that "the magistrate may require sworn testimony of the complainant or other individuals." M.C.L. § 764.1a (1), (5).

And Magistrate White's alleged actions were executed within jurisdiction conferred on her under Michigan law. *See* M.C.L. § 764.1a ("A

5

magistrate shall issue a warrant or summons upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause to believe that the individual accused in the complaint committed that offense."). "Generally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Barnes v. Winchell,* 105 F.3d 1111, 1122 (6th Cir. 1997). A magistrate's error does not deprive her of jurisdiction. "Even grave procedural errors . . . will not deprive a judge of judicial immunity." *Leech v. DeWeese*, 689 F.3d 538, 542–43 (6th Cir. 2012) (citation omitted).

For these reasons, Magistrate White is entitled to absolute immunity for the claims Cain alleges against her.

## III.   CONCLUSION

Magistrate White's motion to dismiss, ECF No. 17, should be **GRANTED** and Cain's claims against her should be **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 11, 2021

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 11, 2021.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager