UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DERRICK CAIN,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF DETROIT, ET AL.**,<br><br>Defendants. | 2:20-cv-11099-TGB-EAS<br><br>HON. TERRENCE G. BERG<br>HON. ELIZABETH A. STAFFORD<br><br>**ORDER ADOPTING REPORTS AND RECOMMENDATIONS (ECF NOS. 9, 10)** |

This matter is before the Court on two Reports and Recommendations from Magistrate Judge Elizabeth A. Stafford, one dated August 10, 2021 (ECF No. 25) recommending that the Motions to Dismiss of Defendant Jane Gillis and Defendant City of Detroit (ECF Nos. 9, 10) be **DENIED**, and another dated August 11, 2021 (ECF No. 26) recommending that Defendant Magistrate Dawn White's Motion to Dismiss (ECF No. 17) be **GRANTED**.

On August 31, 2021, the Court entered an order adopting both Reports and Recommendations. (ECF No. 27). As to the Report and Recommendation dated August 10, 2021 (ECF No. 25), because no party has objected, the Court is not obligated to independently review the record with respect to that Report and Recommendation. That Report and Recommendation is therefore accepted. As to the Report and Recommendation dated August 11, 2021 (ECF No. 26), Plaintiff filed his

1

objection on August 30, 2021, but that filing was not received and docketed by the Clerk of the Court until September 10, 2021. Given Plaintiff's status as a self-represented litigant, the continuing disruptions to mail service caused by the COVID-19 pandemic, and the longstanding preference to resolve disputes on the merits, *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315, 1318 (6th Cir. 1972), the Court will treat Plaintiff's Objection as timely filed, and the Court's prior order (ECF No. 27) adopting the Report and Recommendation issued on August 11, 2021 is **VACATED**.[1]

## BACKGROUND

In relevant part, Plaintiff Derrick Cain alleges that his civil rights were violated when Detroit police officers searched his home and arrested him. ECF No. 1, PageID.2. Plaintiff alleges that he was held for four days, during which time he was never advised of his Miranda rights, did not receive a prompt judicial determination of probable cause, and was not allowed to post bond, receive bail, or use a telephone. *Id*. Plaintiff was then arraigned before Magistrate Dawn White for the misdemeanor crime of refusing to provide a fingerprint, based on what Plaintiff alleges was a deficient Complaint containing errors and "fabricated evidence,"

---

[1] Plaintiff also filed a Motion for Rehearing or Reconsideration (ECF No. 30) requesting that the Court reconsider its prior adoption of the Report and Recommendation at issue here. Because the Court will treat Plaintiff's objections as timely filed, no reconsideration is necessary, and Plaintiff's Motion will be denied as moot.

2

and was released on a personal bond. *Id*. Approximately a month later, a 36th District Court Judge dismissed the misdemeanor charge against Plaintiff. *Id*.

Plaintiff sued in this Court alleging, in relevant part, that by signing a criminal complaint with no probable cause and containing several errors, Magistrate White violated his procedural and substantive due process rights under the 4th, 5th, and 14th Amendments to the United States Constitution, and several provisions of the Michigan Constitution. ECF No. 1, PageID.2-3. On August 11, 2021, Magistrate Judge Stafford issued a Report and Recommendation recommending that a Motion to Dismiss filed by Magistrate White be granted, because Magistrate White was entitled to absolute judicial immunity. ECF No. 26, PageID.199. The Report and Recommendation concluded that Magistrate White's actions "were executed in her judicial capacity" and were "executed within jurisdiction conferred on her under Michigan law." *Id*. at 199-200. In a separate Report and Recommendation not at issue here, Magistrate Judge Stafford recommended that Motions to Dismiss filed by Defendant Jane Gillis and Defendant City of Detroit be dismissed, concluding that Plaintiff's claims were not barred by the statute of limitations. ECF No. 25, PageID.192.

3

## I. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). On August 30, 2021, Plaintiff filed an Objection (ECF No. 28) to the Report and Recommendation dated August 11, 2021 (ECF No. 26). No party has filed any objection to the Report and Recommendation dated August 10, 2021 (ECF No. 25).

The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. Where neither party objects to the report, as with the Report and Recommendation dated August 10, 2021, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

## III. DISCUSSION

### A. Objection No. 1

Plaintiff appears to object to the Report and Recommendation's conclusion that Magistrate White was entitled to absolute judicial immunity. First, Plaintiff appears to dispute the Report and

4

Recommendation's conclusion that Magistrate White acted within her jurisdiction when she examined the underlying misdemeanor complaint. ECF No. 28, PageID.205 ("The Report & Recommendation incorrectly concluded that MCL 764.1a conferred jurisdiction on the District Court.") (capitalization changed to sentence case). Plaintiff also appears to argue that the Report and Recommendation erroneously concluded that Magistrate Judge White's alleged actions were taken in her judicial capacity. *Id.* at 206 ("defendant Magistrate White was acting in a 'Non Judicial Capacity', 'Not as an Advocate, but as an Investigator' SEARCHING . . . for 'Clues' within the complaint to show Probable Cause."). The Court construes Plaintiff to object to the conclusion that Magistrate White was entitled to judgment on the pleadings and dismissal as a result of judicial immunity. Therefore, the Court will conduct a *de novo* review of whether Magistrate White was so entitled.

"Judges generally are absolutely immune from civil suits for money damages under [42 U.S.C.] § 1983." *Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). Injunctive relief under § 1983 against judges is also generally unavailable. *Coleman*, 413 F. App'x at 873. Courts in the Sixth Circuit have held that Michigan state court magistrates "are clearly judicial officers entitled to the protections of judicial immunity." *Nicklay v. 56-A Dist. Ct.*, No. 1:08-CV-331, 2008 WL 4376400, at *4 (W.D. Mich.

5

Sept. 22, 2008) (citing *Krajicek v. Justin*, 991 F. Supp. 875, 876 (E.D.Mich.1998), aff'd, 178 F.3d 1294 (6th Cir.1999)); *Goldman v. Consumers Credit Union*, No. 1:16-CV-1372, 2017 WL 2491754, at *6 (W.D. Mich. June 9, 2017), aff'd, No. 17-1700, 2018 WL 3089811 (6th Cir. Feb. 14, 2018) ("Judicial immunity extends to state court magistrates."). Judicial immunity can be overcome in two circumstances: (1) where the judicial officer acts in a non-judicial capacity; or (2) where the judicial officer acts in the complete absence of all jurisdiction. *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999).

As to whether Magistrate White was acting in judicial capacity, the Supreme Court has endorsed a "functional" approach in determining whether an official is entitled to absolute immunity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) citing *Burns v. Reed*, 500 U.S. 478, 486 (1991). Under that approach, a court considers "the nature of the function performed." *Id*. Here, Magistrate White was undoubtedly performing a judicial function. Issuing an arrest warrant and/or hearing witnesses swear to a complaint is a quintessential judicial function. *See Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk's issuance of an arrest warrant was a "truly judicial act," even though that function was non-discretionary). And moreover, as discussed below, it is a function that Michigan law explicitly authorizes magistrates to perform. As the Report and Recommendation

notes, Plaintiff's "only interaction with Magistrate White was in her capacity as a magistrate and in her performance of her duties as a magistrate." Therefore, Plaintiff has not plausibly alleged that any of Magistrate White's alleged actions were taken outside of a judicial capacity.

Therefore, unless Plaintiff can show that Magistrate White acted completely outside her jurisdiction, a finding of judicial immunity is appropriate. Plaintiff cannot overcome judicial immunity by showing that Magistrate White acted without jurisdiction—she must have acted in the "clear absence of all jurisdiction." *Mills v. Killebrew*, 765 F.2d 69, 71 (6th Cir. 1985). "[A] judicial officer acts in the clear absence of jurisdiction only if he knows that he lacks jurisdiction, or acts despite a clearly valid statute or case law expressly depriving him of jurisdiction." *Id.* Plaintiff has alleged no facts from which it could be inferred that Magistrate White knew that she lacked jurisdiction. And Plaintiff has not identified a statute or case law that expressly deprives a Magistrate of jurisdiction to hear witnesses swear to a criminal complaint, or to issue a warrant. To the contrary, Michigan law confers authority on a district court magistrate to "issue a warrant or summons upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause . . ." and provides that "[t]he complaint must be sworn to before a magistrate or clerk." Mich. Comp. Laws § 764.1a. *See also*

7

*People v. Farmilo*, 137 Mich. App. 378, 379, 358 N.W.2d 350, 351 (1984) (affirming lower court's decision that jurisdiction rested with the Michigan district court to "hear [a] complaint and issue a warrant" and noting that "district court magistrates are vested with jurisdiction to issue warrants for the arrest of a person upon the written authorization of the prosecuting or municipal attorney."). In the face of clear statutory authorization, Plaintiff cannot plausibly allege that Magistrate White "acted in the complete absence of all jurisdiction."

Plaintiff appears to argue that the criminal complaint was so obviously and facially deficient that Magistrate White never had jurisdiction at all. But at least one court considering the scope of judicial immunity for a Michigan magistrate judge has rejected this argument, explaining that such procedural deficiencies may limit a court's *personal* jurisdiction over a particular defendant, but not a court's *subject matter* jurisdiction. *Goldman v. Consumers Credit Union*, No. 1:16-CV-1372, 2017 WL 2491754, at *7 (W.D. Mich. June 9, 2017), aff'd, No. 17-1700, 2018 WL 3089811 (6th Cir. Feb. 14, 2018) *See also Swanigan v. Davis*, No. CIVA 2:08-CV-10544, 2008 WL 4534165, at *2 (E.D. Mich. Oct. 3, 2008) ("a criminal court in Michigan does not lack jurisdiction over a criminal case merely because the criminal complaint was somehow defective"); *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997) ("The commission of 'grave procedural errors' by a judge exercising his or her

8

authority will not strip the judge of the shield of absolute judicial immunity.").

For the reasons explained above, the Report and Recommendation properly concluded that Magistrate White's alleged actions were taken in a judicial capacity and that Plaintiff has not alleged her actions were taken in the complete absence of all jurisdiction. Therefore, the Report and Recommendation properly concluded that Magistrate White was entitled to judgment on the pleadings and dismissal. Plaintiff's first objection must be overruled.

### B. Objection No. 2

Like his first objection, Plaintiff's second objection generally argues that Magistrate White lacked jurisdiction and acted outside of her judicial function. Plaintiff argues that Magistrate White lacked any jurisdiction, as there was no "suit, or complaint, initiated according to the regular course of judicial procedure." ECF No. 28, PageID.209-10. And Plaintiff argues, as above, that Magistrate White was acting in a "non judicial capacity, not as an advocate but as an investigator, searching for clues within the 'complaint' to establish Probable Cause." ECF No. 28, PageID.211.

The Court's analysis rejecting Plaintiff's first objection applies here with equal force. For the reasons discussed above, Magistrate White's alleged actions were taken within her statutorily authorized jurisdiction,

and within her judicial capacity. Therefore, Plaintiff's second objection is also overruled.

## CONCLUSION

The Court's *de novo* review of the issues presented compels the conclusion that Magistrate White is entitled to absolute immunity with respect to all of the conduct alleged in Plaintiff's Complaint. For the reasons set forth herein, Plaintiff's objections are **OVERRULED**. Because no party has objected to the other Report and Recommendation, dated August 10, 2021, the Court is not obligated to independently review the record with respect to that Report and Recommendation.

It is hereby **ORDERED** that Magistrate Judge Stafford's Report and Recommendation of August 10, 2021 (ECF No. 25) is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that Magistrate Judge Stafford's Report and Recommendation of August 11, 2021 (ECF No. 26) is **ACCEPTED** and **ADOPTED.**

It is **FURTHER ORDERED** that the Motions to Dismiss of Defendant Jane Gillis and Defendant City of Detroit (ECF Nos. 9, 10) be **DENIED**.

It is **FURTHER ORDERED** that Defendant Magistrate Dawn White's Motion to Dismiss (ECF No. 17) be **GRANTED**.

It is **FURTHER ORDERED** that the Court's prior Order (ECF No. 27) addressing these Reports and Recommendations is **VACATED**.

It is **FURTHER ORDERED** that Plaintiff's Motion for Rehearing or Reconsideration (ECF No. 30) is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: September 28, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE