UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK CAIN,<br>Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, *et al.*,<br>Defendants. | Case No. 20-cv-11099<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION & ORDER (1) GRANTING DEFENDANTS' MOTION TO COMPEL (ECF No. 42), (2) DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF No. 47), (3) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 44), AND (4) GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 45)**

## I. Introduction

Defendants City of Detroit and Dennis Christie move to compel Britnie Mathis's deposition. Plaintiff Derrick Cain moves for a protective order barring defendants from deposing Mathis or Alesha Cain and sustaining his objections to interrogatories. Cain also seeks reconsideration of the Court's February 22, 2022 order denying his motion to amend his complaint, and again moves for leave to amend. After reviewing the record, the Court orders that:

- Defendants' motion to compel is **GRANTED** (ECF No. 42);
- Cain's motion for a protective order is **DENIED** (ECF No. 47);

- Cain's motion for reconsideration is **DENIED** (ECF No. 44); and
- Cain's motion for leave to amend his complaint is **GRANTED** (ECF No. 45).

## II. Background

Cain alleges that his civil rights were violated when Detroit police officers searched his home and arrested him under a search warrant. ECF No. 1, ¶ 7. He claims that during the four days he was in custody, he was never advised of his Miranda rights, provided a prompt judicial determination of probable cause, allowed to post bond, or allowed to receive bail or use a telephone. *Id.* at ¶ 8. Cain was arraigned for refusal to be fingerprinted—allegedly based on fabricated evidence and a complaint containing inconsistencies—and was released on personal bond. *Id.* at ¶¶ 9-11. Several weeks later, the criminal charges arising from the events were dismissed. *Id.* at ¶ 11.

Cain asserts several claims, including violations of the Fourth, Fifth, and Fourteenth Amendments, false arrest, false imprisonment, malicious prosecution, fabrication of evidence, civil conspiracy, fraud, and a *Monell* claim based on the City's alleged acquiescence to unconstitutional conduct by its officers. *Id.* at PageID.2-3. Cain claims he suffered emotional distress and requests $120,000 in punitive damages. *Id.* at PageID.3.

## III. Analysis

### A.

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," except that the Court must consider proportionality factors, including "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Showing relevance is an "extremely low bar." *In re Ford Motor Co. Spark Plug & 3-Valve Engine Prod. Liab. Litig*., 98 F. Supp. 3d 919, 925 (N.D. Ohio 2014) (noting that Fed. R. Evid. 401 deems evidence relevant if it has "*any* tendency to make a fact more or less probable").

The scope of discovery for a subpoena under Federal Rule of Civil Procedure 45 is governed by Federal Rule of Civil Procedure 26(b)(1). *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc*., 364 F. Supp. 3d 758, 767 (E.D. Mich. 2018). But Rule 45 requires a party serving a subpoena on a nonparty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P.

45(d)(1). Courts are required to enforce that duty and must quash or modify a subpoena that would subject the nonparty to an undue burden. Fed. R. Civ. P. 45(d)(1), (d)(3)(iv).

"A party or any person from whom discovery is sought may move for a protective order" to protect it from "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). "This Rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Anderson v. Furst*, No. 2:17-12676, 2019 WL 2284731, at *3 (E.D. Mich. May 29, 2019) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). The movant bears the burden of showing good cause for a protective order. *Id.*; *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix*, 11 F. App'x at 500.

**B.**

Defendants seek to depose Mathis because she and her mother, Alesha Cain, were complaining witnesses who accused Cain of assault. ECF No. 42, PageID.291, ¶ 2. Those allegations prompted the search of Cain's home and his arrest. *Id.* at PageID.290, ¶ 1. Defendants sent a

subpoena to Mathis on February 16, 2022, scheduling her deposition for February 25. ECF No. 42-1, PageID.297-298. On February 17 and 21, Mathis called defense counsel and refused to participate in the deposition. ECF No. 42, PageID.291, ¶¶ 6-7. On February 22, Cain contacted defense counsel objecting to Mathis's deposition and stating that he instructed her not to testify. *Id.* at ¶ 8. Mathis did not appear for the deposition on February 25. ECF No. 42-3, PageID.304.

As an initial matter, Cain lacks standing to bar these deposition subpoenas. "Although a party generally has no standing to seek to quash a subpoena directed to a non-party, standing is conferred if the party can demonstrate a personal interest or claim of privilege in the subpoenaed documents." *Arndt v. Ford Motor Co*., No. 2:15-cv-11108, 2016 WL 1161444, at *2 (E.D. Mich. Mar. 24, 2016) (internal quotation marks omitted). Here, Cain has not identified any personal interest or privilege that would confer standing.

But Cain's motion would also fail on the merits. Cain argues that Mathis and Alesha Cain must not be deposed because they have no relevant information. He asserts that the complaint does not challenge the validity of his arrest or search of his home and that his claims "are solely based on the charge of refusing to give fingerprints, in which Britnie Mathis

nor Alesha Cain have any facts, knowledge, or information [relating] to that charge." But Cain claims false arrest and false imprisonment. ECF No. 1, PageID. 2-3. To prevail on these claims, a plaintiff "'must show that his arrest was not legal, i.e., without probable cause.'" *Watkins v. City of Highland Park*, 232 F. Supp. 2d 744, 753 (E.D. Mich. 2002) (quoting *Adams v. Metiva*, 31 F.3d 375, 388 (6th Cir. 1994)). Defendants assert that Cain was arrested based on Mathis's and Alesha Cain's accusations of assault. That Cain was later charged for his alleged refusal to be fingerprinted does not alter the fact that the assault allegations underlie any probable cause determination. *See Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004) (a lawful arrest exists when "the facts known to the arresting officers give probable cause to arrest," even if the suspect is ultimately charged with a different crime). Thus, Mathis's and Alesha Cain's deposition testimony would be relevant.

Cain also argues that Mathis's deposition must be barred because it would impose an undue burden. He says it was unreasonable for defendants to mail the notice only nine days before the scheduled deposition, as Mathis works full time and home schools her son. Cain is mistaken. Court obligations regularly impose on the schedules of parties and witnesses; Mathis is not excused from obeying a properly executed

subpoena because of her other obligations. *See, e.g.*, *Collins v. Progressive Mich. Ins. Co.*, No. 15-cv-13651, 2017 WL 1177684, at *4 (E.D. Mich. Mar. 30, 2017) (declining to quash a deposition that would have required a physician to cancel patient appointments); *Flagstar Bank v. Fed. Ins. Co.*, No. 05-CV-70950-DT, 2006 WL 8431921, at *2 (E.D. Mich. June 15, 2006) (overruling objection to depositions of six senior executives based on their full schedules). But Mathis may consult defense counsel to determine a mutually convenient date and time and the Court would expect defense counsel to be accommodating. The Court also orders Cain to provide defendants with Mathis's mailing address, as he contends that the subpoena was not properly served at the correct address.

Cain also seeks a protective order barring several interrogatories:

- Interrogatory 4, asking for Cain's age, birthdate, place of birth, social security number, and exact name appearing on his birth certificate.
- Interrogatories 14, 15, and 17, asking for any healthcare providers to have treated, examined, or consulted with Cain over the past ten years about any physical or mental condition, including his family physician.

- Interrogatory 16, asking for contact information for Cain's employers over the past ten years, a description of the nature of Cain's work, and whether Cain alleges lost earnings or earning capacity.

ECF No. 47, PageID.334, 338-340. Cain argues that this information is irrelevant and confidential. The Court disagrees.

First, Cain's identifying information such as his name, birthdate, place of birth, and social security number may be relevant to a criminal background report. Any prior offenses on the report could inform whether Cain's arrest was made with probable cause—particularly if the arresting officers were aware of previous instances of assault. *See United States v. Wagers*, 452 F.3d 534, 541 (6th Cir. 2006) ("[A] 'person of reasonable caution' would take into account predilections revealed by past crimes or convictions as part of the inquiry into probable cause.").

Second, healthcare information is relevant to evaluating Cain's damages. Although Cain does not allege physical injury, he claims that he suffered emotional distress and seeks punitive damages. ECF No. 1, PageID.3. To determine the reasonableness of a punitive damage award, courts consider the degree and nature of the harm suffered by the plaintiff. *See Siggers-El v. Barlow*, 433 F. Supp. 2d 811, 818 (E.D. Mich. 2006).

Thus, information from healthcare providers about any physical or mental conditions would be relevant to that analysis.

Third, in general, a defendant has a right to discover basic information about a plaintiff's background, which could prove useful for impeachment purposes. Fed. R. Civ. P. 26, advisory committee's notes (2015) ("[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might properly be discoverable"). What is more, Cain's employment history is relevant to damages. While Cain states that he does not seek lost income, he does not address whether he will claim diminished earning capacity. And again, even if Cain does not seek actual damages stemming from lost income or diminished earning capacity, the Court may still consider the degree of harm suffered by the plaintiff in determining whether an award of punitive damages is reasonable.

Finally, Cain's privacy concerns are not grounds to bar these interrogatories. Cain may seek to negotiate with defense counsel to enter a protective order that would designate sensitive information as confidential, but the Court will not forbid defendants from discovering the basic information requested.

The Court thus **GRANTS** defendants' motion to compel and **DENIES** Cain's motion for a protective order.

**C.**

Next, Cain seeks reconsideration of the Court's February 2022 order denying him leave to amend his complaint. When moving for reconsideration of an order, "[t]he movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." *Id.*

The Court denied Cain leave to amend his complaint because it added futile claims against Magistrate Dawn White, who was dismissed from the action. ECF No. 41, PageID.288. In his motion for reconsideration, Cain argues that the Court erred by applying the standard for supplemental pleadings under Federal Rule of Civil Procedure 15(d) rather than for amended pleadings under Rule 15(a). Not so. The order references and applies Rule 15(a). In any event, "[t]he standard for granting leave to supplement under Rule 15(d) is identical to the standard

governing leave to amend under Rule 15(a)." *Harrison v. Burt*, No. 2:07-CV-11412, 2008 WL 4058288, at *1 (E.D. Mich. Aug. 28, 2008) (citing *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)). Since Cain has not identified a palpable defect in the Court's order, his motion for reconsideration is **DENIED**.

**D.**

Finally, Cain seeks to amend his complaint. Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given "when justice so requires." But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citation and internal quotation marks omitted). "A proposed amendment is futile if the amendment could not withstand a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Cain's amended complaint eliminates Magistrate White as a party but seeks to add claims for abuse of process, a First Amendment violation, and *Monell* liability based on the City's alleged failure to supervise. ECF No. 45, PageID.319-322. It also asserts all claims—except for the *Monell* claims—against both Christie and Gillis and increases the relief requested to $350,000. *Id.* at PageID.321-322.

Cain's new First Amendment and *Monell* claims do not appear to be futile on the face of the amended complaint. But the abuse of process claim would clearly fail to withstand a motion to dismiss. It is unclear whether a claim for abuse of process is cognizable under § 1983, *Mack v. Bessner*, 512 F. Supp. 3d 784, 798 (E.D. Mich. 2021), but if it is, "the elements necessary to prove it would likely mirror those of state law," *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 676-77 (6th Cir. 2005). Abuse of process concerns using legal process for an ulterior purpose. *Mack*, 512 F. Supp. 3d at 798. Thus, "the focus is not whether the[re] was a valid basis for initiating legal proceedings against the plaintiff. . . . [but rather] the defendant's purpose in initiating those proceedings." *Id.* Cain does not allege that defendants charged or prosecuted him with any improper ulterior purpose. Since Cain does not support this claim with factual allegations, it must be excluded from his amended complaint.

These amendments would not cause undue delay, nor does it appear they were brought in bad faith or for dilatory purposes. Although Cain filed this case in April 2020, he first sought leave to add these claims on December 30, 2021, two months before the discovery deadline lapsed. And "[d]elay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become 'undue,' 'placing an unwarranted burden on the court,' or 'prejudicial,' 'placing an unfair burden on the opposing party.'" *Comm. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Adding these claims will not prejudice defendants. Since the new claims stem from the same factual allegations as the existing claims, defendants will not likely require much more discovery. But the Court will permit a 30-day extension of the discovery deadline and dispositive motion cutoff.

Thus, the Court **GRANTS** Cain leave to file an amended complaint consistent with this order by April 8, 2022. Discovery shall be completed by April 28, 2022 and dispositive motions must be filed by May 31, 2022.

## IV. Conclusion

The Court orders that defendants' motion to compel is **GRANTED** (ECF No. 42); Cain's motion for a protective order is **DENIED** (ECF No.

47); Cain's motion for reconsideration is **DENIED** (ECF No. 44); and Cain's motion for leave to amend his complaint is **GRANTED** (ECF No. 45).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 29, 2022

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2022.

s/Karri Sandusky on behalf of
MARLENA WILLIAMS
Case Manager