UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAIN,

    Plaintiff,

v.

CITY OF DETROIT, *et al.*,

    Defendants.

Case No. 20-cv-11099
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

**OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 69)**

Plaintiff Derrick Cain moves for reconsideration of the Court's March 29, 2022 order granting his motion for leave to amend his complaint. ECF No. 69. When moving for reconsideration of an order, "[t]he movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

The palpable defect that Cain alleges is that this Court should have filed the amended complaint on his behalf instead of granting him leave to file it himself. ECF No. 68, PageID.625-626. Cain makes this argument

despite explicitly moving "for leave to file a[n] amended complaint."  ECF No. 45.  In his motion for leave, Cain relied on Federal Rule of Civil Procedure 15(a)(2) and noted that the rule "provides that leave to amend should be granted when justice so requires."  ECF No. 45, PageID.317.  Cain complains now that the Court granted him what he asked for and what Rule 15(a)(2) allows—leave of court to file an amended complaint.  ECF No. 69, PageID.625-626.

As required by the local rules, Cain attached a copy of his proposed amended complaint to his March 29, 2022 motion for leave.  ECF No. 45, PageID.319-322; E.D. Mich. LR 15.1 ("A party who moves to amend a pleading shall attach the proposed amended pleading to the motion.").  Cain asks the Court to treat his amended complaint as having been filed on March 29.  ECF No. 69, PageID.626.  This the Court cannot do.  Cain's motion for leave was only "a request to the Court to allow [him] to file an amended complaint."  *Berry v. Specialized Loan Servicing, LLC*, No. 218CV02721SHLDKV, 2020 WL 3485577, at *2 (W.D. Tenn. Feb. 24, 2020).  After Cain's motion for leave was granted, he had to file the amended complaint by the deadline set by the Court.  *Id*. at *2, *5-6.  Cain was not permitted to ignore the Court's straightforward order that he file the amended complaint by the deadline.  *See id*.

And because Cain failed to file his amended complaint, his original complaint remains the operative one.  *Id.*  Defendants' answers to the original complaint also remains operative; because Cain failed to file his amended complaint, defendants have filed no responsive pleadings to the amended complaint.  *See* Fed. R. Civ. P. 12.

Cain argues that the April 8 deadline for filing the amended complaint—ten days after the order was entered—was too short.  ECF No. 52, PageID.396; ECF No. 69, PageID.626.  He states that he did not receive the order until April 8, the amended complaint filing deadline.  *Id*.  Cain could have relied on the late arrival of the order to seek an extension of the deadline to file his amended complaint.  Fed. R. Civ. P. 6(b); *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240-42 (E.D. Ky. 2018).

But Cain sought no extension of the filing deadline and he waited until May 6, 2022, a month after he received the order and a week after the period for discovery closed, to complain that the filing deadline was too short.[1]  It is now too late to remedy Cain's failure to timely file his amended complaint.  Thus, the Court **DENIES** Cain's motion for reconsideration.

---

[1] Cain signed the motion on May 6, but it was docketed on May 20, 2021. ECF No. 69, PageID.626.

                s/Elizabeth A. Stafford
                ELIZABETH A. STAFFORD
                United States Magistrate Judge

Dated: June 1, 2022

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 1, 2022.

                s/Marlena Williams
                MARLENA WILLIAMS
                Case Manager