UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DERRICK CAIN,**<br><br>  Plaintiff,<br><br>v.<br><br>**CITY OF DETROIT, ET AL.**,<br><br>  Defendants. | 2:20-cv-11099-TGB-EAS<br><br>HON. TERRENCE G. BERG<br>HON. ELIZABETH A. STAFFORD<br><br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>(ECF NO. 77)** |

This matter is before the Court on a Report and Recommendation from Magistrate Judge Elizabeth A. Stafford. Judge Stafford recommends that Plaintiff Derrick Cain's complaint be dismissed as a sanction for bad faith conduct and abuse of the discovery process.

## I.   BACKGROUND

Plaintiff Derrick Cain alleges that his civil rights were violated when he was arrested by the Detroit Police after his sister, Alesha Cain, and niece, Britnie Mathis, accused him of assault. Compl., ECF No. 1, PageID.2. Plaintiff alleges that he was held for four days without ever being advised of his Miranda rights, did not receive a prompt judicial determination of probable cause, and was not allowed to post bond, receive bail, or use a telephone. *Id*. Plaintiff was arraigned before Magistrate Dawn White for the misdemeanor crime of refusing to provide a fingerprint, based on what Plaintiff alleges was a deficient Complaint

1

containing errors and "fabricated evidence," and was released on a personal bond. *Id.* Approximately a month later, a 36th District Court Judge dismissed the misdemeanor charge against Plaintiff. *Id.*

Plaintiff sued Magistrate White, Dennis Christie (a Detroit police officer), Jane Gillis (a Wayne County assistant prosecutor), and the City of Detroit for allegedly violating Cain's due process rights. Compl., ECF No. 1, PageID.2-3.

On August 11, 2021, Judge Stafford recommended that a Motion to Dismiss filed by Magistrate White be granted because Magistrate White was entitled to absolute judicial immunity. August Report and Recommendation, ECF No. 26, PageID.199. The Report and Recommendation concluded that Magistrate White's actions "were executed in her judicial capacity" and were "executed within jurisdiction conferred on her under Michigan law." *Id.* at 199-200. The Court adopted Judge Stafford's Report and Recommendation. *See* ECF No. 33.

As the case continued to discovery, problems emerged when counsel for Defendants sought to depose Alesha Cain and Britnie Mathis. Order on Mot. to Compel., ECF No. 52, PageID.387. On February 16, 2022, Defendants issued a subpoena to Ms. Mathis and scheduled a deposition for February 25. *Id.* at PageID.387-88. On February 17 and 21, Ms. Mathis called Defendants' counsel and refused to be deposed. *Id.* On February 22, Plaintiff Cain told Defendants' counsel that Plaintiff Cain

2

had instructed Mathis not to testify. *Id*. Mathis did not appear at the scheduled deposition. *Id*.

Defendants moved to compel, and Cain moved for a protective order. *See* ECF Nos. 42, 47. Judge Stafford denied the requested protective order and granted Defendants' motion to compel, explaining that Cain lacked standing to challenge the deposition subpoenas, and that in any event, Ms. Mathis and Ms. Cain likely possessed relevant information, and that their depositions would not impose an undue hardship. Order on Mot. to Compel., ECF No. 52, PageID.388-390.

Armed with Judge Stafford's order, Defendants' counsel contacted Ms. Mathis and scheduled a deposition for April 26, 2022. Show Cause Order, ECF No. 64, PageID.599. Defendants' counsel attempted to serve subpoenas on Ms. Mathis and Ms. Cain by certified mail, but both refused service. *Id*. Defendants' counsel then left a voicemail for Ms. Mathis about the scheduled deposition. *Id*. Shortly thereafter, counsel received a call from Ms. Mathis' phone number. *Id*. As Judge Stafford explained, the male caller refused to identify himself, "demanded to know how counsel got Mathis' number," and "told counsel, 'I have previously told you to stop harassing us.'" *Id*. Counsel also called Ms. Cain but, as Judge Stafford noted, "[t]he person who answered the call was evasive and claimed not to be Alesha Cain, though . . . [s]he stated Alesha Cain refused to respond to the subpoena." *Id*. at PageID.599-600. Neither Ms. Cain nor Ms. Mathis appeared for the scheduled depositions.

3

At Defendants' request, Judge Stafford ordered Derrick Cain, Alesha Cain, and Britnie Mathis to appear for a hearing on June 1, 2022. Judge Stafford specifically warned that "whoever fail[ed] to appear" would face a recommendation for contempt sanctions, and that Cain would be subject to other sanctions "including a recommendation that his complaint be dismissed." Show Cause Order, ECF No. 64, PageID.601.

On the eve of that hearing, Defense counsel notified Judge Stafford that Plaintiff Cain had called counsel and threatened him. Def's, Supp. Br., ECF No. 70, PageID.631. During the call, Cain apparently suggested that Cain's nephew would "kick [counsel's] ass," that his nephew might wait for Defendants' counsel at his office, and that Cain could or would do nothing to stop it. *Id.* at PageID.632. Cain further indicated that neither Ms. Cain nor Ms. Mathis would appear at the June show cause hearing, Judge Stafford's order notwithstanding. *Id.* at PageID.633-34. Plaintiff Cain later called counsel again and left a voicemail in which he reiterated that his nephew might "punch [Defendants' counsel] in [his] face" if defense counsel continued to try to contact Ms. Mathis, and that Cain did not care about what his nephew might do. *Id.* at PageID.634

Ms. Mathis and Ms. Cain did not appear At the June 1 hearing. At the hearing, Cain insisted that Defendants had sent the notice of the hearing to the wrong address, but denied knowing the correct address at

4

which Ms. Mathis and Ms. Cain both lived.[1] Report and Recommendation, ECF No. 77, PageID.720. Plaintiff Cain did admit, however, that Mathis and Ms. Cain were "evading service." June 1, 2022 Hearing Tr., ECF No. 76, PageID.693.

At the hearing, Cain admitted that he left the voicemail for Defendants' counsel:

> I directed him -- I told him that I would have instructed my nephew, if he continues to keep calling my nephew's phone, to punch him in the face, and I also instructed him that I'm sure that my nephew wouldn't care about doing 90 days. That's what I told him. I told him that he was calling my nephew's phone. I said, "Had I been the one who answered the phone and had I been irate, I would have told him, 'Quit calling this fucking phone, and if you keep calling my phone, then I'm going to find you and kick your ass,'" is what I told him I would have told my nephew to say to him.

*Id.* at PageID.686. Judge Stafford recommends that this case be dismissed as a sanction for Plaintiff Cain's conduct.

## II.   STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). On July 11, 2022,

---

[1] It appears from Plaintiff Cain's statements that Ms. Cain and Ms. Mathis live together. Hearing Tr., ECF No. 76, PageID.684.

5

Plaintiff filed an Objection (ECF No. 78) to the Report and Recommendation.[2]

The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### III.    DISCUSSION

**A. Objection No. 1**

Plaintiff's first Objection relates to Judge Stafford's recitation of certain facts. Plaintiff Cain first takes issue with Judge Stafford's account of the underlying criminal complaint against him. Pl's. Obj., ECF No. 78, PageID.735-37. While the details of Cain's arrest are relevant to the grounds underlying this lawsuit, they are not particularly important when considering the discovery and sanctions issue here. Given that Ms. Cain and Ms. Mathis were the original complaining witnesses and the question of whether probable cause existed to arrest Mr. Cain in the first

---

[2] Although Plaintiff Cain's objections were mailed late and received later still, the Court will address the substance of Plaintiff's Objections given his status as a self-represented litigant and the longstanding preference to resolve disputes on the merits, *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315, 1318 (6th Cir. 1972).

place is important to his lawsuit, their deposition testimony is clearly relevant.

Next, Plaintiff Cain appears to argue that Defendants' counsel has misrepresented his efforts to secure Ms. Mathis and Ms. Cain's depositions. Plaintiff Cain appears to argue that Defendants never properly served either non-party witness, and that Defendants cannot show that either Ms. Mathis or Ms. Cain "had actual notice" of the depositions. Pl's. Obj., ECF No. 78, PageID.738. Cain argues that Defendants' counsel has offered no evidence "other than 'SPECULATIVE CONJECTURE' that plaintiff's conduct in any way obstructed, interfered, or impeded his attempts at service." *Id.* This objection is not well taken for several reasons.

First, certified mail receipts show that each of the mailed notices was "refused by the addressee," which suggests that the subpoenas did reach their intended destination. *See* Certified Mail Tracking History, ECF Nos. 63-5, 63-6. Second, and more fundamentally, Judge Stafford ordered Cain to provide Defendants' counsel with Ms. Cain and Ms. Mathis' address. Instead of turning over the information as ordered, Cain denied knowing it. As discussed below, that position is not at all credible. In any event, both Ms. Cain and Ms. Mathis appear to have known that Defendants' counsel sought to depose them. When she became aware of the scheduled deposition, Ms. Mathis called Defendants' counsel and told him she did not wish to participate. And when Defendants' counsel called

7

to confirm Ms. Cain's attendance at a deposition, she (or someone claiming to speak on her behalf) stated that she "would be refusing to respond to the City's subpoena." Mot. for Show Cause Order, ECF No. 63, PageID.560-61. Indeed, at the June 1, 2022 hearing, Cain admitted Ms. Mathis and Ms. Cain were "evading service." Hearing Tr., ECF No. 76, PageID.693. So any argument that Ms. Cain or Ms. Mathis were not aware of the efforts to depose them is not persuasive.

Finally, Plaintiff Cain argues that his threat against Defendants' counsel was "conditioned and predicated on [a] hypothetical," and not a genuine threat. ECF No. 78, PageID.740. Plaintiff Cain raised that argument at the June 1 hearing, and Judge Stafford appropriately rejected it. At the June 1 hearing, Cain reaffirmed the threat in no uncertain terms, as described above, reiterating that he "would have instructed" his nephew to "punch him [defense counsel] in the face," etc. Hearing Tr., ECF No. 76, PageID.686.

Cain attempts to avoid responsibility by claiming that his threatening language was merely hypothetical, as if the fact that it was predicated on the occurrence of certain conditions made it less of a threat. But a threat is often conditional, as in: "cross that line and you will be sorry" or "do as you're told, or else." Here, Cain made a clear and unmistakable threat that would be executed if Defendants' counsel continued to "harass" Ms. Mathis and Ms. Cain by attempting to depose them. It was "hypothetical" only in the sense that, as long as Defense

8

counsel refrained from contacting the witnesses, no violence would be done. Judge Stafford's factual findings are supported by the record.

### B. Objection No. 2

Cain's second objection is to Judge Stafford's legal analysis. Judge Stafford explained that a court has inherent authority to craft sanctions for noncompliance with court orders or abuse of the judicial process. Report and Recommendation, ECF No. 77, PageID.721-22. Judge Stafford further explained that courts consider four factors to determine whether dismissal is appropriate as a sanction for misconduct: (1) whether a party's conduct was due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* (citing *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 F. App'x 514, 520-21 (6th Cir. 2016)). Cain does not dispute that courts have the authority to dismiss a complaint as a sanction for misconduct, nor does he contend that Judge Stafford applied the wrong standard.

Instead, in his second Objection, Cain takes issues with Judge Stafford's analysis of the "wilfulness/bad faith" and the "prejudice" factors. As to the first, Cain argues that his misconduct was not willful, because he claims he does not know Ms. Mathis or Ms. Cain's address, and thus could not comply with Judge Stafford's order to provide it to the

9

Court or to Defendants' counsel. He also argues that he took all reasonable steps in his power to comply with the court's orders. Pl's. Obj., ECF No. 78, PageID.742. As to the second factor, Cain argues that Defendants were not prejudiced by his obstinance or threats, because Ms. Mathis and Ms. Cain's deposition testimony would not have been relevant anyway.

Judge Stafford's conclusions on willfulness were sound. Cain's statement that he does not know the address where his sister and niece live is simply not credible. Such a lack of knowledge is inconsistent with Cain's statement that Defendants had not properly served either nonparty because Defendants' counsel had mailed the notices "to an address where they don't live," suggesting he knew what the proper address might be. Hearing Tr., ECF No. 76, PageID.713. And Cain also appeared to be in regular contact with Ms. Mathis, Ms. Cain, or both, throughout the litigation. Indeed, in his own deposition, he testified that he speaks to Ms. Cain "daily." Cain Dep., ECF No. 63-1, PageID.574.

And even if it is true that Cain does not know where Ms. Mathis or Ms. Cain live or may be served, Cain's claim that he has taken "all reasonable steps in his power" to obtain that address is not credible. As Judge Stafford noted, Cain was with his sister mere days before the June 1st hearing, and did not so much as ask for her address. Hearing Tr., ECF No. 76, PageID.682-83. Further, Plaintiff Cain failed to inform Ms. Cain and Ms. Mathis about the June 1st hearing, even though both were

10

ordered to appear there and explain why they had been avoiding their scheduled depositions. Hearing Tr., ECF No. 76, PageID.709-710.

Cain suggests vaguely that disclosing Ms. Cain and Ms. Mathis's address to Defendants or the Court would "leave plaintiff under Michigan [law] liable . . . for disclosure of private facts." Pl's. Obj., ECF No. 78, PageID.741 (citing *Doe v. Henry Ford Health Sys.*, 308 Mich. App. 592 (2014)). The *Henry Ford* case is wholly inapposite. There, the Michigan Court of Appeals described the tort of invasion of privacy through the public disclosure of private facts: the disclosure of information related to an individual's private as opposed to public life that is highly offensive to a reasonable person, and that is of no legitimate concern to the public. *Henry Ford Health Sys.*, 308 Mich. App. at 597. None of those elements are remotely involved when the issue is a court-ordered disclosure of a person's street address to an opposing party in litigation for purposes of serving a subpoena.

Cain's claim that Defendants suffered no prejudice is without merit. As Judge Stafford explained, given the nature of Cain's claims—false imprisonment, malicious prosecution, and false arrest—the issue of probable cause to arrest Cain is highly relevant. And given that Ms. Mathis and Ms. Cain were the original complaining witnesses, their testimony, in turn, is critical to this case. Cain's directing the witnesses not to cooperate and threatening counsel with violence prevented

11

Defendants from obtaining the witnesses' testimony and therefore caused them prejudice.

### C. Objection No. 3

Plaintiff Cain's final objection challenges Judge Stafford's analysis of the third and fourth factors; Cain says that Judge Stafford failed to consider less drastic sanctions or give him "meaningful warnings that dismissal was contemplated." Pl's. Obj., ECF No. 78, PageID.743. Cain identifies a number of cases in which—he says—monetary sanctions were imposed for similar conduct.

Judge Stafford explained that she considered alternative sanctions, but ultimately concluded that no other sanction would protect the integrity of the judicial process, given the nature of Cain's behavior. Report and Recommendation, ECF No. 77, PageID.727. That is entirely appropriate; in the face of sufficiently egregious conduct, a court may order dismissal "as the first and only sanction." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368-69 (6th Cir. 1997). Threatening opposing counsel with violence if he should try to take lawful discovery is good example of the kind of egregious conduct that should justify dismissal.

It is particularly justified here because Cain has steadfastly maintained his efforts to prevent Mathis and Ms. Cain from testifying despite repeated admonitions and orders from Judge Stafford. As Judge Stafford pointed out, Cain has also obstructed discovery in other ways. In his own deposition, Cain repeatedly refused to provide his birth date,

12

his educational history, his criminal history, and other basic information. Cain Dep., ECF No. 55-3, PageID.440-45. He also refused to say whether Ms. Mathis, Ms. Cain, or any other person lived with him, or identify where they did live, necessitating motion practice and, ultimately, Judge Stafford's intervention. *Id.* at PageID.445-46. His record of such conduct suggests that Cain would likely continue to do obstruct the discovery process, even in the face of other sanctions or contempt orders by Judge Stafford or this Court.

Additionally, the cases Cain points to are distinguishable. In *Carroll v. Jaques*, 926 F. Supp. 1282, 1286 (E.D. Tex. 1996), a deponent remarked that opposing counsel "ought to be punched in the goddamn nose," among a litany of other bizarre profanities. But review of the transcript in that case shows the remark was not intended as a threat. In *Petito v. Brewster*, 562 F.3d 761, 762 (5th Cir. 2009), the Fifth Circuit affirmed a dismissal sanction where a pro se litigant wrote threatening emails to opposing counsel. But although the plaintiff had been previously warned about his behavior in that case, the Fifth Circuit's opinion suggests that threatening conduct would have been a sufficient basis for dismissal, even without the prior warning that the plaintiff had already received in that case. *Id.* at 763 ("nor should [plaintiff] expect his action to proceed after debasing judicial proceedings with vulgar insults, or, more worryingly, issuing threats to opposing counsel.").

13

Finally, and most critically, Cain *was* explicitly warned that further chicanery during the discovery process could lead to his case being dismissed. When Judge Stafford ordered Mathis and Ms. Cain to appear at the June 1 hearing, she specifically cautioned that, if Mathis, Alesha Cain, or Derrick Cain failed to appear at that hearing, Derrick Cain would "face other sanctions, *including a recommendation that his complaint be dismissed.*" Show Cause Order, ECF No. 64, PageID.601. Cain did not heed that warning.

## IV. CONCLUSION

The halls of justice are governed by principles of fairness, equity, and civil discourse—not by the bullying of ruffians or the code of the street. The record in this case shows that Plaintiff gravely mistook the former for the latter, much to the detriment of his cause. For the reasons set forth herein, Plaintiff's Objections are **OVERRULED**.

It is hereby **ORDERED** that Magistrate Judge Stafford's Report and Recommendation of June 21, 2022 is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that the Plaintiff Cain's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: January 24, 2023　s/Terrence G. Berg
　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE